# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-191V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KYLE CARDA and SHANNON CARDA,
on behalf of G.J.C.,

                Petitioners,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Filed: May 24, 2016

Respondent's Motion for a Decision
Dismissing the Table Injury Claim;
Vaccine Program Entitlement;
Dismissal Without a Hearing.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert D. Trzynka*, Cutler & Donahoe, LLP, Sioux Falls, SD, for Petitioners.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING TABLE INJURY CLAIM FOR INSUFFICIENT PROOF[1]**

On March 6, 2014, Kyle and Shannon Carda filed a petition on behalf of their minor child, G.J.C. seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] ECF No. 1. Petitioners allege that G.J.C. suffered from intussusception as a result of receiving the Rotateq, rotavirus vaccination on January 23, 2013, and March 26, 2013. Petitioners' allege both a Table Injury and Non-Table Injury claim based on the same factual circumstances. An entitlement hearing is set for January 24-25, 2017.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On June 4, 2014, Respondent filed her Rule 4(c) report disputing that compensation was appropriate in this case. ECF No. 9. In that report, Respondent specifically noted that it was not until May 22, 2013 – fifty-seven days after his second dose of the vaccine – that G.J.C. presented to his pediatrician with a one-day history of vomiting, and was given an abdominal ultrasound that showed right targetoid lesions which indicated that G.J.C. had intussusception (and ultimately resulted in G.J.C. being scheduled for surgical reduction).

The Vaccine Injury Table was subsequently amended to list "intussusception" as a presumptive injury for the Rotavirus vaccine, but only when onset occurs within one to 21 days of the administration of the first or second dose of vaccine. Shortly thereafter, on July 29, 2016, Petitioners amended their petition to include a Table Injury claim (ECF No. 24) – intussusception within 21 day of receipt of the Rotateq vaccine.

During a status conference in this matter on February 4, 2016, Respondent noted that she questioned the viability of Petitioners' Table Injury claim in this case because onset was so long after the second dose of vaccine. I therefore instructed Respondent to file a motion requesting dismissal of this claim in advance of the entitlement hearing (and in accordance with the schedule that set forth in my pre-hearing order). Respondent did so on April 29, 2016. ECF No. 35. Thereafter, on May 23, 2016, Petitioners filed a response stating that they have no objections to the Table Injury claim being dismissed. ECF No. 36.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that G.J.C. suffered a "Table Injury."

Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioners to meet their burden of proof with regard to the Table Injury claim. Petitioners' Table Injury claim therefore cannot succeed and must be dismissed.

**Accordingly, Petitioners' Table Injury claim is dismissed for insufficient proof.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master